**Steven CAMPBELL, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Defendants–Appellees.**

**No. 02–0059.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Steven Campbell, for Appellant, pro se.

Martin Hotvet, Assistant Solicitor General, Albany, NY, for Appellees.

Present: POOLER, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Steven Campbell, an inmate in the custody of the New York State Department of

Correctional Services ("DOCS"), appeals from a judgment dismissing, pursuant to Federal Rule of Civil Procedure 56, his Section 1983 claims against DOCS and twenty prison officials. Campbell's claims are based on alleged violations of his First, Eight and Fourteenth Amendment rights by the defendant officials who allegedly retaliated against him after he filed grievances against them.

Familiarity is assumed as to the facts, the procedural context, and the specifications of appellate issues. Generally, Campbell claims that after he filed two complaints with the DOCS in June and July of 1996, two Correctional Officers warned him to stop filing complaints and attempted to plant a shank on him. This led him to file further complaints, which in turn led to more retaliation from additional Correctional Officers. Apparently this cycle continued until there were twenty prison officials involved in retaliating against him. Eventually, he filed a complaint against them pursuant to 42 U.S.C. §§ 1983 and 1985.

Campbell's complaint was first directed to a magistrate judge who, in response to a motion to dismiss, recommended that a number of Campbell's claims be dismissed for a variety of reasons but refused to dismiss the rest, given that Campbell had alleged sufficient facts to support them. This recommendation was adopted in its entirety by the district court and the defendants filed a motion for summary judgment. The defendants provided adequate notice of their motion to Campbell and made a number of factual allegations in support of their motion. Campbell opposed the motion for summary judgment by reiterating the facts previously alleged. The district court considered all of Campbell's claims, except his claim against Deputy Superintendent Barkley and granted summary judgment. Campbell appeals the grant of summary judgment.

We agree with the district court's determination that summary judgment is appropriate for all claims addressed. However, because the district court did not consider the colorable retaliation claim against Deputy Superintendent Barkley, and the defendants failed to argue or present sufficient facts to rebut Campbell's claim, we must remand this issue to the district court for further proceedings. We therefore affirm the district court's grant of summary judgment with regard to the claims that it did consider and remand the claim against Deputy Superintendent Barkley for further proceedings.